UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMIE C GIBBS, et al.<br><br>Plaintiffs,<br>v.<br><br>DEPARTMENT OF SOCIAL HEALTH SERVICES,<br><br>Defendants. | Case No. C22-5005 BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 16, 2022 |

This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). On May 12, 2022, this Court issued an order to show cause directed at plaintiff Jamie Gibbs regarding his application to proceed *in forma pauperis*. Dkt. 19. The Court notified Mr. Gibbs, who identified himself as a pretrial detainee (Dkt . 1-1, proposed complaint at p. 1) on several occasions of the deficiencies in his IFP application and he was given ample opportunity to correct his application. Dkts. 6, 13, 19. Each notice was sent back to the Court as undeliverable. The Court has not received a corrected application or an updated address from Mr. Gibbs.

Pursuant to Local Rule 41:

A party proceeding pro se shall keep the court and opposing parties advised as to his or her current mailing address. . . . If mail directed to a pro se plaintiff by the clerk is returned by the Postal Service . . . and if such plaintiff fails to notify the court and opposing parties within 60 days

REPORT AND RECOMMENDATION - 1

> thereafter of his or her current mailing . . . address, the court may dismiss the action without prejudice for failure to prosecute.

Local Rules, W.D. Wash., LCR 41(b)(2). "Local Rule 41(b)(2) . . . confers discretion on the court to dismiss a pro se plaintiff's action if the plaintiff fails to keep the court apprised of his correct address." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Plaintiff "bears the burden of keeping the court apprised of any changes in his mailing address." *Id.* at 1441. Further, "a defendant may move for dismissal of an action or of any claim against" the plaintiff "[f]or failure to prosecute or to comply with" the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b).

Here, mail was first returned to the Court as undeliverable to the address provided by Mr. Gibbs more than 60 days ago. Dkt. 12 (2-9-2022 docket entry, with document received by the Clerk of the Court, marked "return to sender"). Accordingly, the undersigned recommends that the Court DISMISS Mr. Gibbs as a plaintiff without prejudice for failure to prosecute under Local Civil Rule 41(b)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 16, 2022, as noted in the caption.

1   Dated this 26th day of August, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge